IN THE DISTRICT COURT IN AND FOR CHEROKEE COUNTY
STATE OF OKLAHOMA

FILED

JUL 1 9 2019 ⊃ 10:30

LESA ROUSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____Deputy

| | |
|---|---|
| QUAHLITY BUDS, LLC, an Oklahoma limited liability company, ) ) ) | |
| Plaintiff, ) | |
| vs. ) ) | Case No. CJ-2019-13ɬ |
| KANDIS CORREA;  MCV ENTERPRISES, LLC, an Oklahoma limited liability company dba CBD Plus USA; JOSH BERNER; and TOP FLIGHT DISTRIBUTION, LLC, an Oklahoma limited liability company, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## PETITION

COMES NOW the Plaintiff, QUAHLITY BUDS, LLC, an Oklahoma limited liability company, and for its cause of action against the Defendants, and each of them, allege and state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an Oklahoma limited liability company doing business in Cherokee County, Oklahoma.

2. Defendant, Kandis Correa, is a resident of Cherokee County, Oklahoma.

3. Defendant, MCV Enterprises, LLC, is an Oklahoma limited liability company doing business in Cherokee County, Oklahoma.

4. Defendant, Josh Berner, is a resident of Cherokee County, Oklahoma.

5. Defendant, Top Flight Distribution, LLC, is an Oklahoma limited liability company doing business in Cherokee County, Oklahoma.



6. Jurisdiction and venue are both proper with this Court as the action involves actions in Cherokee County, Oklahoma.

## FACTUAL BACKGROUND

7. Defendant, Kandis Correa, (hereafter "Correa"), is a Member of Quahlity Buds, LLC, (hereafter the "Company"), Plaintiff herein, and has entered into agreements with the other Members and the Company regarding noncompetition, nondisparagement and confidentiality. (Agreement attached hereto as Exhibit "A")

8. Defendant, Correa, made a decision to discontinue affiliation with the operations of the Company.

9. Defendant, Correa, then associated with Josh Berner (hereafter "Berner") and MCV Enterprises, LLC, dba CBD Plus USA, (hereafter "CBD"), for employment in competition with the Company and in direct violation of the Agreement with Plaintiff as to noncompetition, nonsolicitation, nondisparagement and confidentiality..

10. Plaintiff's attorney contacted Defendant, Berner, in an attempt to avoid his inclusion, and that of his company, CBD, based upon the Agreement with Defendant, Correa.

11. Thereafter, when no response was received back from Berner, a certified letter was mailed to the Registered Agent for CBD, furthering the attempt to avoid inclusion of other Defendants in any legal action by informing them of the contractual prohibition of Correa's employment in the industry of Plaintiff.

12. Plaintiff has since learned that the employment has continued; that Correa, Berner and CBD have undertaken to defame and libel the business of Plaintiff; that

Correa, Berner and CBD have actively interfered with the business, economic advantage, contract and prospective relationships of Plaintiff to the detriment of Plaintiff.

13. That Defendant, Top Flight Distribution, LLC, (hereafter "Top Flight"), has participated in the scheme to interfere with business, economic advantage, contract and prospective relationship of Plaintiff, along with other persons and entities to be identified.

14. That the Defendants used interstate commerce in an act as an enterprise made up of the Defendants associating together through a pattern of telephone calls, text and/or e-mails to defraud the Plaintiff of the intangible right of honest services in acquiring products for sale in a legal and licensed business with malice to intentionally cause Plaintiff's business to be damaged through lack of sources for sales, defaming and slandering the business of Plaintiff to customers and potential customers and by otherwise utilizing trade secrets of the Plaintiff in such scheme.

## CAUSE OF ACTION ONE

## BREACH OF CONTRACT

Plaintiff incorporates paragraphs 1 through 14 and 20 through 44 of this Petition as if fully set forth herein.

15. Defendant, Correa, has breached her Agreement with Plaintiff in agreeing not to compete with, disparage, circumvent or to disclose confidential business information with malicious intentions using interstate commerce both verbally and in writing.

16. Correa used her intimate knowledge of the Plaintiff's business, customers, suppliers and operations to purposefully and intentionally, with malice, to direct customers away from Plaintiff.

17. Correa used her intimate knowledge of the Plaintiff's business, customers, suppliers and operations to purposefully and intentionally, with malice, to direct suppliers away from Plaintiff.

18. Those actions by Correa are in direct contradiction to the Agreement between her and other members of the Company and have caused actual, incidental and consequential damages in excess of $75,000.00.

19. Plaintiff is further entitled to preliminary and permanent injunctive relief prohibiting Correa from competing with the business of Plaintiff, disparaging the business or reputation of the Plaintiff to others, from soliciting the customers of Plaintiff and for the release of confidential information of the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant, Correa, for actual damages to be calculated; for incidental and consequential damages in an amount to be determined; for preliminary and permanent injunctive relief as set out above; for attorney fees and costs; and for such other relief as determined to be just and equitable by this Court.

## CAUSE OF ACTION TWO

## BREACHES OF DUTY AS MEMBER OF COMPANY

Plaintiff incorporates paragraphs 1 through 19 and 23 through 44 of this Petition as if fully set forth herein.

20. Correa, as a member of Plaintiff and a party to the Operating Agreement governing the actions of the members, owes the duty of loyalty and care to Plaintiff.

21. The actions of Correa are intentional, reckless and with malice undertaken as a scheme or artifice to cause damage to the Plaintiff and in direct violation of her duties as such member.

22. Those actions by Correa breaching her duties to Plaintiff have directly resulted in actual, incidental and consequential damages in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant, Correa, for actual damages to be calculated; for incidental and consequential damages in an amount to be determined; for attorney fees and costs; and for such other relief as determined to be just and equitable by this Court.

## CAUSE OF ACTION THREE
## TORTIOUS INTERFERENCE

Plaintiff incorporates paragraphs 1 through 22 and 29 through 44 of this Petition as if fully set forth herein.

23. Defendants, Berner, CBD and Top Flight, utilizing information and based upon the participation of Correa in a scheme or artifice to deprive Plaintiff of the intangible right of honest services, conspired together to interfere with customers and suppliers of Plaintiff.

24. Berner, CBD and Top Flight, utilized interstate commerce in a pattern of actions intentionally designed to interfere with commerce by denying Plaintiff access to

saleable products through a course of defamation though libel and slander, as well as fraudulent statements in general made in an attempt to smear the reputation of Plaintiff for the purposes outlined above.  All such actions interfering with the business relations of Plaintiff with its customers and suppliers; the prospective economic advantage based upon those relationship; and the contract Plaintiff had with Correa, all in attempt to wrongfully harm Plaintiff's business.

25. The said Defendants further advanced a series of false information, false statements, and deceit to place Plaintiff in a false light for the same purposes, overall of unlawfully restraining trade and harming the Plaintiff.

26. The actions were undertaken with malice and intent and punitive damages should be awarded to Plaintiff and against said Defendants in addition to all actual, incidental and consequential damages incurred by Plaintiff.

27. Plaintiff is further entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to interfere with or disparage the business or reputation of Plaintiff to others.

28. Plaintiff is also entitled to preliminary and permanent injunctive relief as against Berner and CBD prohibiting said Defendants from further interfering with the business and contracts of Plaintiff by employing Correa, utilizing information she has provided and in contacting suppliers to disrupt commerce.

WHEREFORE, Plaintiff prays for judgment against Defendants, Berner, CBD and Top Flight, for actual damages in an amount to be determined but well in excess of $75,000.00; incidental and consequential damages in an amount to be determined; preliminary and permanent injunctive relief as set out above; punitive damages for the

intentional and malicious acts to interfere by said Defendants; attorneys fees and costs; as well as any other relief determined to be just and equitable by this Court.

## CAUSE OF ACTION FOUR

### RICO – 18 USC §§ 1961-68

Plaintiff incorporates paragraphs 1 through 28 and 40 through 44 of this Petition as if fully set forth herein.

29. All Defendants: Correa, Berner, CBD and Top Flight, and potentially yet undiscovered participants, undertook a scheme or artifice to deprive Plaintiff of the intangible right of honest services through wire fraud, stole trade secrets and acted to interfere with commerce.

30. Said Defendants utilized interstate commerce, specifically telephone, text and e-mails, to accomplish multiple acts of such scheme or artifice in a pattern of activity to further the enterprise crated by all such conspirators and participants.

31. The Defendants, Correa, Berner and CBD, did utilize the confidential information provided by both Correa and Berner, to use said interstate commerce in violation of laws against wire fraud to deprive Plaintiff of suppliers and customers by way of threats, defamation of character of the business, libel, slander, deceit and false light.

32. The resulting actions have caused Plaintiff to lose substantial business customers and to be denied access to established suppliers of products for resale.

33. The actions were intentional, with malice and for the purpose of causing direct harm to the Plaintiff and its business.

34. The actions of the participating Defendants evidence an enterprise to crate both harm to Plaintiff and to benefit from that harm economically.

35. The multiple contacts through telephone, text and e-mails amount to wire fraud in a scheme or artifice specifically intentioned to deprive Plaintiff of right to suppliers.

36. The actions to defame Plaintiff through libel, slander, deceit and other actions were conducted specifically to unlawfully restrain trade and commerce, to drive customers away from Plaintiff and to other Defendants.

37. Those same actions outlined above by Defendants has caused direct harm to the Plaintiff.

38. Plaintiff is entitled to an award for its actual damages as against all Defendants, jointly and severally, as a result of the racketeering in corrupt organization practices outlined above, including threefold damages, whether actual, incidental or consequential, suffered by Plaintiff as a result of the pattern of actions by said Defendants.

39. That Plaintiff is further entitled to recovery of its attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment that Defendants did act in an association as an enterprise in a pattern of actions to cause harm to Plaintiff utilizing interstate commerce arising to wire fraud which created harm to Plaintiff in an amount to be determined by in excess of $75,000.00; for award of attorneys fees and costs; and any other relief determined to be just and equitable by this Court.

## CAUSE OF ACITON FIVE

## UNJUST ENRICHMENT

Plaintiff incorporates paragraphs 1 through 39 and 42 through 44 of this Petition as if fully set forth herein.

40. The Defendants have been unjustly enriched at Plaintiff's expense.

41. Based upon this unjust enrichment, Plaintiff has bee actually damaged in an amount to be determined but in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages, actual, incidental and consequential, resulting from the unjust enrichment; attorneys fees and costs; and such other relief determined to be just and equitable by this Court.

## CAUSE OF ACTION SIX

## INJUNCTIVE RELIEF

Plaintiff incorporates paragraphs 1 through 41 of the Petition as if fully set forth herein.

42. It is exceedingly difficult, if not impossible, for Plaintiff to estimate the amount of business and goodwill it has already lost as a result of the actions and conduct of Defendants outlined herein.  Plaintiff cannot at this time estimate with any degree of certainty the nature or extent of its actual and potential damages incurred and to be incurred as a direct and consequential result of the activities of the Defendants in engaging in the above-described prohibited conduct.  Plaintiff therefore alleges that the damages and injuries sustained by it are irreparable and Plaintiff has no adequate remedy at law to protect itself from the damaging activities of the Defendants.  The

damages and injuries sustained and to be sustained by Plaintiff cannot be adequately measured or compensated for in money alone and Plaintiff is entitled to protection of its contractual and common law rights from the damaging conduct of the Defendants.

43. Accordingly, Plaintiff requests that the Court enter a preliminary injunction: 1) prohibiting Correa from continuing to work or be associated with any competitor of Plaintiff; 2) prohibiting Defendants from soliciting, calling on, diverting or attempting to divert the business or patronage of any customers or suppliers of Plaintiff; 3) prohibiting Defendants from directly or indirectly disclosing any trade secrets of Plaintiff in any manner and particularly in competition with Plaintiff; 4) prohibiting Berner, Top Flight and CBD from employing or compensating Correa or any family member directly or indirectly for Correa's participation in any business competitive with Plaintiff or its affiliates consistent with the Agreement; and 5) prohibiting Correa from continuing, undertaking or participating in any action in breach of fiduciary duties to Plaintiff.

44. Plaintiff requests entry of preliminary injunctions as prayed for above to be followed by permanent injunctions for the same or such expanded coverage as may be determined proper given the facts and circumstances.

Dated this 18th day of July, 2019.

Wayne Bailey, OBA #19746
Bailey Law, PLC
Attorney for Plaintiff
205 W. Shawnee
Tahlequah, OK 74464
918/456-6113

## QUAHLITY BUDS, LLC, QUAHLITY GOODS, LLC AND PETRA FARMS, LLC

Kandis Correa, Trustee of The Correa Family Trust; Ethan Burris, Trustee of The Ethan and Jessica Burris Trust, Jessica Burris, Trustee of The Ethan and Jessica Burris Trust, and Tyler Bailey, Trustee of The Tyler Bailey Trust, as Members of the above entities, agree as follows, to-wit:

RESOLVED, that there shall be two classes of members for all of the above entities, which classes shall be full-time and part-time. A full-time member shall commit to work in the businesses on a full-time basis, which shall be defined as not less than forty (40) hours per week, but as much as needed to satisfy the operational requirements of the businesses. A part-time member shall work not less than twenty-four (24) hours per week, as needed to satisfy the operational requirements of the businesses.

FURTHER RESOLVED, that all Members shall be bound by the Operating Agreement which shall include a non-complete, non-disparagement and non-disclosure agreement binding all such Members in a form to be prepared and each Member agrees to execute same as a condition pre-requisite.

FURTHER RESOLVED, that all Members agree and acknowledge that the Agreement, the Operating Agreement and the documents otherwise mentioned herein supersede, supplant and replace any and all previous agreements and all such other agreements are void.

FURTHER RESOLVED, that the Members cited above agree to the entry of Charles Malone and Phil Correa as full-time members, and Bridget Barlow as a part-time member, subject to their acceptance and agreement of all terms and conditions of membership.

FURTHER RESOLVED, that all such Members are bound to an ongoing requirement to satisfy the obligations to provide work in the businesses as outlined above and failure to do so will result in immediate termination of the members rights in the businesses, while said terminated Member shall remain obligated fully under the non-compete, non-disparagement and non-disclosure agreements.

FURTHER RESOLVED, that the business shall make unit issuance in such proportions necessary to accomplish the above stated goals and as determined necessary by the Manager.

| | |
|---|---|
| Ethan Burris, Trustee of The Ethan and Jessica Burris Trust | Kandis Correa |
| Jessica Burris, Trustee of The Ethan and Jessica Burris Trust | Tyler Bailey, Trustee of The Tyler Bailey Trust |

Acknowledged and Agreed:

Phil Correa

Charles Malone

Bridget Barlow

EXHIBIT
A

## VERIFICATION

I am a Member of Quahlity Buds, LLC, Plaintiff herein and I affirm that I have read the Petition and the foregoing representations are true to the best of my belief and information.

_____
ETHAN BURRIS

STATE OF OKLAHOMA   )
                    ) ss
COUNTY OF CHEROKEE )

Signed and sworn to/affirmed before me on this 18th day of July, 2019, by Ethan Burris.

_____
Notary Public

(SEAL)

WAYNE BAILEY
NOTARY PUBLIC - STATE OF OKLAHOMA
MY COMMISSION EXPIRES AUG. 21, 2021
COMMISSION #13007678

**IN THE DISTRICT COURT IN AND FOR CHEROKEE COUNTY**
**STATE OF OKLAHOMA**

QUAHLITY BUDS, LLC, an )
Oklahoma limited liability company, )
           Plaintiff, )
vs. )
 )
KANDIS CORREA; MCV )
ENTERPRISES, LLC, an Oklahoma )    Case No. CJ-2019-136
limited liability company dba CBD Plus )
USA; JOSH BERNER; and TOP FLIGHT )
DISTRIBUTION, LLC, an Oklahoma )
limited liability company, )
           Defendants. )

FILED

JUL 2 3 2019

LESA ROUSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____Deputy

**SUMMONS**

The State of Oklahoma to:     Kandis Correa
                         665 Stonebrook Dr.
                         Tahlequah, OK 74464

       You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

       Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

       Issued this 19 day of July, 2019.

                             LESA ROUSEY-DANIELS, CHEROKEE
                             COUNTY DISTRICT COURT CLERK

(SEAL)

                             By: _____
                                  Deputy

Attorney for Plaintiff:
Wayne Bailey
205 West Shawnee
Tahlequah, Oklahoma 74464
(918) 456-6113

       This Summons was served on the 19 day of July, 2019. (Date of service)

                                _____
                               (Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## AFFIDAVIT OF SERVICE

STATE OF OKLAHOMA    )

COUNTY OF _Cherokee_   ) SS:   _Quality Buds_

                     ) vs

                     ) _Kandis Correa_       Case No. _CJ-19-136_

                     )

I, the undersigned, _Jack Goss_____, being first duly sworn, do on oath state that I am now and was a duly licensed process server for _Cherokee_ County, Oklahoma, License No. PSL _17-01_ at the time that I received the foregoing: _Summons, Petition_

and at the time that I serve same as hereinafter set out.

**FILED**

JUL 2 3 2019

LESA ROUSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____, 2019, and that I delivered a

### PERSONAL SERVICE

That I received the foregoing documents on the _19_ day of _July_____ 2019, and that I delivered a copy of said documents to each of the following named parties personally in _Cherokee Co_____ at the address and on the date set forth opposite each name, to-wit:

_Kandis Correa_    _1065 Stanbrook Dr Tahlequah Ok_    _7-19-19_

Name                          Address                                Date of Service

### USUAL PLACE OF RESIDENCE

That I received the foregoing documents on the ____ day of _____, 2019, I served _____ 2019, and that on the ____ day of _____ by leaving a copy of said documents _____, which is his/her usual place of residence, with _____, a member of his/her family over fifteen (15) years of age.

### CORPORATION RETURN

That I received the foregoing _____ on the ____ day of _____, 2019, and as commanded therein, I served the within named party as follows, to-wit:

a true and correct copy of the within _____ a corporation, on the _____ day of _____, 2019, by delivering to _____, he/she being the _____ of said corporation.

### NOT FOUND

That I received this _____ on the ____ day of _____, 2019, and that I certify that the following named parties were not found in said county:_____
_____

SUBSCRIBED and SWORN to before me this _23rd_ day of _July_____, 2019.

_Jack Goss_
Licensed Process Server

Commission No._____

Commission Expires:_____

_Brandy M. Hayes_
Notary Public

BRANDY M. HAYES
NOTARY PUBLIC
# 17001251
EXP. 02-06-2021
IN AND FOR
STATE OF OKLAHOMA
CHEROKEE COUNTY

**IN THE DISTRICT COURT IN AND FOR CHEROKEE COUNTY
STATE OF OKLAHOMA**

QUAHLITY BUDS, LLC, an           )
Oklahoma limited liability company,   )
        Plaintiff,           )
vs.                              )
                                 )
KANDIS CORREA;  MCV              )   Case No. CJ-2019-30
ENTERPRISES, LLC, an Oklahoma    )
limited liability company dba CBD Plus )
USA; JOSH BERNER; and TOP FLIGHT )
DISTRIBUTION, LLC, an Oklahoma   )
limited liability company,       )
        Defendants.          )

**FILED**

JUL 2 3 2019

LESA ROUSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____Deputy

### SUMMONS

The State of Oklahoma to:    Josh Berner
                            Tahlequah, OK 74464

      You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

      Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

      Issued this 19 day of July, 2019.

                              LESA  ROUSEY-DANIELS, CHEROKEE
                              COUNTY DISTRICT COURT CLERK

(SEAL)

                         By:_____
                                 Deputy

Attorney for Plaintiff:
Wayne Bailey
205 West Shawnee
Tahlequah, Oklahoma 74464
(918) 456-6113

      This Summons was served on the 22 day of July, 2019. (Date of service)

                        _____
                     (Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## AFFIDAVIT OF SERVICE

STATE OF OKLAHOMA )
) SS: vs *Quality Buds*
COUNTY OF *Cherokee* )
) *Josh Berner*

Case No. *CJ 19-132*

I, the undersigned, *Jack Coss*, being first duly sworn, do on oath state that I am now and was a duly licensed process server for *Cherokee* County, Oklahoma, License No. PSL—*17-01* at the time that I received the foregoing: *Summons, Petition*

and at the time that I serve same as hereinafter set out.

FILED

JUL 23 2019

LESA ROUSEY-DANIELS, Court Clerk
CHEROKEE COUNTY
By_____ Deputy

### PERSONAL SERVICE

That I received the foregoing documents on the *19* day of *July*, 2019, and that I delivered a copy of said documents to each of the following named parties personally in *Cherokee* at the address and on the date set forth opposite each name, to-wit:

*Josh Berner   3040 S. Muskogee, Tahlequah, ok   7-22-19*

Name | Address | Date of Service

### USUAL PLACE OF RESIDENCE

That I received the foregoing documents on the ____ day of _____, 2019, and that on the ____ day of _____, 2019, I served _____ by leaving a copy of said documents _____, which is his/her usual place of residence, with _____, a member of his/her family over fifteen (15) years of age.

### CORPORATION RETURN

That I received the foregoing _____ on the _____ day of _____, 2019, and as commanded therein, I served the within named party as follows, to-wit:

_____ a corporation, on the _____ day of _____, 2019, by delivering a true and correct copy of the within _____ to _____, he/she being the _____ of said corporation.

### NOT FOUND

That I received this _____ on the _____ day of _____, 2019, and that I certify that the following named parties were not found in said county:_____

_____
Licensed Process Server

SUBSCRIBED and SWORN to before me this *22* day of *July*, 2019.

_____
Notary Public

TINA ELIZABETH M...
Notary Public, State of O...
Commission # 16004...
My Commission Expires May 0...

Commission No._____
Commission Expires:_____

# Affidavit of Process Server

In The District Court in and For Cherokee county state of Oklahoma
_____(NAME OF COURT)_____

Quality Built LLC _____ vs _MCU Enterprises LLC_ _____ CJ-2019-136
PLAINTIFF/PETITIONER          DEFENDANT/RESPONDENT          CASE NUMBER

I _Uriel Bimel_____, being first duly sworn, depose and say: that I am over the age of 18 years and
not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to
perform said service. MCU Enterprises d/b/a CRU Plus USA                    AUG 6 2019

**Service:** I served _Ryan Vicedomini, Reg. Agent_
                  NAME OF PERSON / ENTITY BEING SERVED        LESA ROUSEY-DANIEL, Court Clerk
                                                              CHEROKEE CO.

with (list documents) _Summons, Petition,_

by leaving with _Nick Davis_____ _Director of operations_ At
                  NAME                              RELATIONSHIP

☐ Residence_____
                            ADDRESS                    CITY / STATE

☑ Business _420 N. Penn_____ _okc, ok 73107_
                            ADDRESS                    CITY / STATE

On _7-22-19_____ AT _3:57 pm____
        DATE                              TIME

☑ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
                                                                              DATE

from_____
        CITY              STATE              ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being
served with a member of the household over the age of _____ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with
the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant    ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist    ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
                                                  DATE      TIME              DATE      TIME

(3)_____ (4)_____ (5)_____
    DATE      TIME              DATE      TIME              DATE      TIME

**Description:**. Age _40_ Sex _M_ Race _W_ Height _5'9_ Weight _180_ Hair _Red_ Beard_____ Glasses_____

                                        PSI-2019-28 _____ _____ ok
                                        SIGNATURE OF PROCESS SERVER    country

SUBSCRIBED AND SWORN to before me this _22nd_ day of _July_, 20_19_ by _Uriel Bimel_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ALEX ARIANA TAYLOR KEEFE
NOTARY
PUBLIC
STATE OF OKLAHOMA                       _____
                                        SIGNATURE OF NOTARY PUBLIC

                                        NOTARY PUBLIC for the state of_____

NAPPS

FORM 2          NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS